

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2010

# USA v. George Reddick

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1617

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. George Reddick" (2010). *2010 Decisions.* Paper 1680.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1680

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1617
_____

UNITED STATES OF AMERICA,

v.

GEORGE W. REDDICK,

Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-05-cr-00482-001)
District Judge:  Hon. Christopher C. Conner

Submitted under Third Circuit LAR 34.1 (a)
on October 2, 2009

Before: AMBRO, GARTH and ROTH, Circuit Judges

(Opinion filed: March 22, 2010)

O P I N I O N

**ROTH,** Circuit Judge:

George Reddick appeals his sentence of 151 months imprisonment after pleading

guilty to possession with intent to distribute crack cocaine and powder cocaine, in

violation of 21 U.S.C. § 841(a)(1).  Reddick alleges that the District Court erred by

denying his motion for a sentence reduction under § 3582(c)(2) and by improperly treating a Sentencing Commission policy statement as mandatory. Reddick's appeal is for the sole purpose of preserving the issues.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision concerning a motion to reduce sentence under § 3582(c)(2) for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

Reddick first contends that the District Court erred in denying him a sentence reduction based on his status as a career offender. However, a defendant who is sentenced as a career offender "may not seek reduction in sentence under § 3582(c)(2)." *Mateo*, 560 F.3d at 155. Therefore, the District Court properly denied Reddick's motion.

Reddick next asserts that the District Court improperly treated a Sentencing Commission policy statement contained in section 1B1.10 of the Sentencing Guidelines as mandatory. However, we have previously held that "U.S.S.G. § 1B1.10 is binding on the District Court pursuant to § 3582(c)(2)." *United States v. Doe*, 564 F.3d 305, 314 (3d Cir. 2009). Accordingly, the District Court did not abuse its discretion in treating the policy statement as mandatory.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.